UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BINGLI LIN, ET AL. | § § § | |
| v. | § § | CIVIL NO. 4:22-cv-00055-SDJ-BD |
| UNITED STATES OF AMERICA, ET AL. | § § § | |

**<u>UNITED STATES OF AMERICA'S SUPPLEMENTAL BRIEFING</u>**

On November 6, 2025, the Court ordered the United States of America ("United States") to file supplemental briefing to address three discrete topics relating to the Court's jurisdiction over this case. The Court's order concerning briefing, like the Report and Recommendation, raised questions about the appropriateness of a Rule 41(g) suit versus a forfeiture action *in rem*. Because counterfeit U.S. coins are contraband *per se*, illegal to possess, and treated differently than other sorts of property, the United States addresses the unasked (but implied) necessity-of-forfeiture question and then addresses the three specific issues subject of the briefing order.

**I. CONTRABAND COINS ARE SUMMARILY FORFEITED TO THE GOVERNMENT PURSUANT TO 18 U.S.C. § 492**

In 1891, Congress passed a law providing that "all counterfeits of any of the coins of the United States" shall be "forfeited to the United States." 51 Cong. Ch. 127, February 10, 1891, 26 Stat. 742. In June 1901, the Attorney General issued an opinion summarizing the Treasury Secretary's authority "to seize and forfeit all counterfeits of the coin of the United States." 23 U.S. Op. Atty. Gen. 458, 1901 WL 617 (1901). That opinion provided

that "[n]o judicial condemnation is necessary." *Id.* The Attorney General explained that such seizures and forfeitures did not constitute an unconstitutional taking because the Fifth Amendment was "never designed to apply to such rights as a person unlawfully in possession of counterfeit coin may have in it, but was intended for the protection of substantial rights in lawful property." *Id.*

Congress eventually morphed the 1891 statute concerning seizure and forfeiture of counterfeit coins into 18 U.S.C. § 492:

> All counterfeits of any coins ... of the United States ... or any articles, devices, and other things made, possessed, or used ... or any material or apparatus used or fitted or intended to be used, in the making of such counterfeits, articles, devices or things, found in the possession of any person without authority from the Secretary of the Treasury or other proper officer, shall be forfeited to the United States.

*See* 18 U.S.C. § 492. Items that are determined to be illegal to possess or counterfeit under this section are deemed to be contraband *per se* and are automatically forfeited to the United States without having to satisfy otherwise applicable forfeiture procedures. *United States v. Von Nothaus*, 2014 WL 6750312, *6 (W.D.N.C. Dec. 1, 2014) (citing *United States v. One Chief 1722 Offset Press*, 129 F.Supp. 276 (D. Mass. Mar. 8, 1955)). Section 492 has been construed to be a remedial statute for the practical purpose of enabling the government to take possession of items illegal to possess. *One Chief 1722 Offset Press*, 129 F.Supp. at 277.

Although such contraband coinage is automatically forfeited to the government, "any interested person" may seek redress from the Secretary of Treasury by filing a petition for the remission or mitigation of forfeiture. 18 U.S.C. § 492. In that petition, the interested

person must make a showing that "such forfeiture was incurred without willful negligence or without any intention on the part of the petitioner to violate the law." *Id.*

## II. BRIEFING CONCERNING THE COURT'S SPECIFIC QUESTIONS

**A.     There is no ongoing criminal investigation concerning the counterfeit coins.**

Although the coins were seized incident to a criminal investigation and pursuant to law, there is no longer an ongoing criminal investigation concerning the coins. After the coins were seized, they were determined to be counterfeit. Therefore, the coins were contraband *per se*, and not returned to Plaintiffs. This lawsuit followed.

**B.     The government would bear the burden of proof if Rule 41(g) provided a remedy here (which it does not).**

As an initial matter, to prevail under Rule 41(g), the Plaintiff must demonstrate that "(1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." *United States v. Walker*, 2023 WL 3237246, at *3 (M.D.La. May 3, 2023) (citing *Ferreira v. United States*, 354 F.Supp. 406, 409 (S.D.N.Y. 2005)). The Plaintiff "is not entitled to the return of property under Rule 41(g) to which he cannot claim lawful possession." *Ferreira*, 354 F. Supp. at 409 (*see United States v. Van Cauwenberghe*, 827 F.2d 424, 433-34 (9th Cir. 1987) ("Absent a showing that the individual requesting return of property under Rule 41(e) [now 41(g)] is entitled to its lawful possession, the property may not be released to him.")). In a Rule 41(g) proceeding, the government bears the burden of proof to show that it has a legitimate reason to retain the property once it is no longer needed as evidence in a criminal case or proceedings. *United States v. Oduu*, 564

F.App'x 127, 130 (5th Cir. 2014) (citing *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999)). This burden is overcome by showing that the government has a claim to ownership or right to possession. *Chambers*, 192 F.3d at 377 (citing *United States v. Van Cauwenberghe*, 934 F.2d 1048, at 1061 (9th Cir. 1991)).

But Rule 41(g) does not provide a remedy regarding property that is contraband or subject to forfeiture. *United States v. Rodriguez*, 2020 WL 13556679, *3 (E.D.Tex. Nov. 24, 2020) (citing *Chambers*, 192 F.3d at 376; *United States v. Albinson*, 356 F.3d 278, 280 (3d Cir. 2004); and *United States v. Wilson*, 540 F.2d 1100, 1103 (D.C. Cir. 1976)). Here, Plaintiffs' property was determined to be contraband *per se* and was summarily forfeited to the government following seizure pursuant to 18 U.S.C. § 492.

C. **Plaintiffs do have an adequate remedy, but it is not with this Court.**

The Attorney General and Congress have both vested authority with the Secretary of the Treasury to consider and adjudicate petitions for remission or mitigation by those who dispute a forfeiture of coins determined to be counterfeit. *See* 18 U.S.C. § 492; 23 U.S. Op. Atty. Gen. 458. To the best of the United States's knowledge, Plaintiffs have not yet done so. Although Plaintiffs were required to file some of their claims in federal court, their decision to seek relief regarding the coins in this Court was a mistake.

After all, this Court has no authority to order the return of contraband *per se* because one cannot have a property right in that which is not subject to legal possession. *Cooper v. City of Greenwood, Miss.*, 904 F.2d 302, 304-05 (5th Cir. 1990) (citing *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 699-700 (1965); and *United States v. Jeffers*, 342 U.S. 48, 53-54 (1951)); *see also United States v. Simmons*, 2000 WL 33138083, *3 (E.D.

Cal. Dec. 14, 2000) ("In light of 18 U.S.C. § 492, the court cannot order the return of any counterfeit coin to Dr. Simmons because any counterfeit coin must be forfeited to the United States Secret Service. While the court has no reason to doubt Dr. Simmons' assurance that he would not circulate the coins, possession of them by Dr. Simmons would be illegal.").

The Court should dismiss this case for lack of subject matter jurisdiction and let the Treasury Department decide the merits of Plaintiffs' arguments should they petition for remission or mitigation of the forfeiture.

Respectfully submitted,

JAY R. COMBS
UNITED STATES ATTORNEY

*/s/ James G. Gillingham*
JAMES G. GILLINGHAM
Assistant U.S. Attorney
Eastern District of Texas
110 N. College Street; Suite 700
Tyler, Texas 75702
E-mail: James.Gillingham@usdoj.gov
(903) 590-1400
(903) 590-1436 (fax)
Texas State Bar # 24065295

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 5, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to those persons on the Court's electronic filing system. Additionally, a true and correct copy of this motion was placed in the United States Mail addressed to:

Bingli Lin
100 Carrer de Mallorca St.
Barcelona 08029 Spain

Joanna Chen
100 Carrer de Mallorca St.
Barcelona 08029 Spain

Chuagui Chen
100 Carrer de Mallorca St.
Barcelona 08029 Spain

                                      */s/ James Gillingham*
                                      JAMES GILLINGHAM