IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BINGLI LIN, ET AL. | § | |
| | § | |
| | § | |
| v. | § | CIVIL NO. 4:22-cv-00055-SDJ-BD |
| | § | |
| UNITED STATES OF AMERICA, ET AL. | § | |
| | § | |

**UNITED STATES OF AMERICA'S RESPONSE TO PLAINTIFF'S MOTION TO PRESERVE EVIDENCE AND RECONSIDER**

In its Memorandum Opinion dismissing the case, the Court concluded that the government had established that the seized coins are counterfeit. *See* Dkt. No. 87 at 5. The Court explained how the government established, through its expert report—whose conclusions were made at a 99.9% confidence interval using methodology and findings consistent with findings presented and accepted by other courts—that the seized coins were counterfeit. *Id.* After considering both Plaintiff's expert report and the government's expert report, the Court found the government's expert to be reliable. Having determined the coins to be counterfeit, the Court ruled they were contraband *per se* and therefore forfeited to the government at the time of seizure. Dissatisfied with the Court's findings, Plaintiff filed a motion seeking for the coins to be preserved and for the Court to reconsider its judgment. *See* Dkt. No. 89. For the reasons explained herein, Plaintiff's motion should, in all things, be denied.

## I. PLAINTIFF HAS NOT SHOWN HIMSELF TO BE ENTITLED TO POSTJUDGMENT RELIEF

Plaintiff's motion for reconsideration does not indicate whether he seeks relief under Federal Rule of Civil Procedure 59(e) or 60(b).  Regardless, Plaintiff has not shown himself to be entitled to relief from the Court's judgment under either Rule.

**A.     Relief from a judgment under Rule 59(e) is an extraordinary remedy that Plaintiff has not shown himself entitled to.**

The Federal Rules of Civil Procedure do not recognize a general motion for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997).  Given that Plaintiff filed his motion fourteen days after the Court issued its Memorandum Order dismissing the case, the government presumes that Plaintiff's motion to reconsider seeks to alter or amend that judgment pursuant to Rule 59(e). *See Thrasher v. Fort Worth Police Department*, 2021 WL 11523086, *2 (E.D. Tex. Mar. 24, 2021) ("A motion seeking reconsideration of a judgment or order is generally considered a motion to alter or amend a judgment under Rule 59(e) if it seeks to change the order or judgment issued.").

A Rule 59(e) motion challenges the correctness of a court's judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002); Fed. R. Civ. P. 59(e). Rule 59(e) serves the "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  As such, granting a Rule 59(e) is an "extraordinary remedy that should be used sparingly." *Id.*  A Rule 59(e) motion may not be used simply for "rehashing evidence,

*Lin v. United States, et al*:
Government's Response to Plaintiff's
Motion to Preserve Evidence and Reconsider                                                    Page 2

legal theories, or arguments that could have been offered or raised before the entry of judgment" or to relitigate matters that were not resolved to the movant's satisfaction. *Templet*, 367 F.3d at 479. "Mere disagreement with a district court's order does not warrant reconsideration of the ruling." *Union Oil of California v. Buffalo Marine Serv., Inc.*, 2012 WL 12905069, *1 (E.D. Tex. Aug. 30, 2012) (citing *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 332 (W.D. Tex. 2002)). To prevail on a motion for reconsideration under Rule 59(e), a moving party must show that the motion (1) is justified by an intervening change in the controlling law; (2) presents newly discovered or previously unavailable evidence; or (3) is necessary to correct a manifest error of fact or law. *Ross v. Marshall,* 426 F.3d 745, at 763 (5th Cir. 2005) (citing *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990)). A court should thus scrutinize a movant's Rule 59(e) motion before granting extraordinary relief.

In his motion for reconsideration, Plaintiff failed to identify any statute or rule that would form the basis of his request for reconsideration. He cites no intervening change in the controlling law, presents no newly discovered evidence, or otherwise identified some manifest error of fact or law. Instead, Plaintiff merely seeks to relitigate matters that were not resolved to Plaintiff's satisfaction. Rather than raising new issues of fact or law, Plaintiff seeks to rehash evidence that could have been offered or raised before the Court entered its judgment. When it granted the government's motion to dismiss, the Court evaluated both the government's and Plaintiff's expert reports and found the government's report to be more reliable. In deciding this battle of experts, the Court determined that

"Plaintiffs [had] present[ed] no meaningful challenge to the Mint's testing method or its conclusions." Dkt. No. 87 at 10. Plaintiff bore the burden of proof, and it was—and still is—inappropriate for him to ask the Court to appoint a neutral expert to perform an independent analysis to try to help Plaintiff satisfy his burden.

**B.      Plaintiff has not shown himself to be entitled to relief from the judgment under Rule 60(b).**

If Plaintiff's motion for reconsideration seeks relief from the judgment under Rule 60(b), his request still fails.  Under Rule 60(b), the court may relieve a party from a final judgment, order, or proceeding for reasons that justify relief. FED. R. CIV. P. 60(b). This rule sets out six bases for relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct, of an adverse party; (4) the judgment is void; (5) satisfaction, discharge, or release of the judgment; and (6) for any other reason justifying relief from the operation of the judgment. FED. R. CIV. P. 60(b)(1)–(6).

In his motion, Plaintiff has not established any of the grounds for relief set out in Rules 60(b)(1) through 60(b)(5).  For example, there are no obvious errors or injustices and there is no conflict with a clear statutory mandate that would allow relief under Rule 60(b)(1).[1]  Instead, the Court followed the statutory framework of Rule 41(g), evaluated

---

[1] Rule 60(b)(1) allows the trial court to "correct obvious errors or injustices." *Jackson v. Bizauskas*, 2017 WL 6761875, at *1 (S.D. Tex. June 13, 2017) (quoting *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977)). Rule 60(b)(1) "may be employed when the judgment obviously conflicts with a clear statutory mandate." *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987) (footnotes omitted)

the parties' competing expert reports, and determined that the coins in question were counterfeit and therefore contraband *per se* items forfeited to the government.

With respect to Rule 60(b)(6), Plaintiff has not shown that extraordinary circumstances exist here. Relief under Rule 60(b)(6) should only be granted when it is not covered by the first five grounds and when "extraordinary circumstances" are present. *Batts v. Tow- Motor Forklift Co.,* 66 F.3d 743, 747 (5th Cir.1995) (citations omitted). No extraordinary circumstances exist here. After all, the Court's conclusion that the coins were counterfeit and contraband *per se* and therefore forfeited to the government merely ended the forfeiture question. As the government explained in prior briefing, Plaintiff could submit a petition for remission or mitigation to the Secretary of the Treasury to dispute the forfeiture. *See* 18 U.S.C. § 492; 23 U.S. Op. Atty. Gen. 458. Because Plaintiff has another avenue of relief available with respect to the coins, the Court should refrain from granting relief under Rule 60.

### PRAYER

For the reasons set forth herein, the government respectfully requests the Court deny Plaintiff's post-judgment motion (Dkt. No. 89) in its entirety.

Respectfully submitted,

JAY R. COMBS
UNITED STATES ATTORNEY


*/s/ James G. Gillingham*
JAMES G. GILLINGHAM
Assistant U.S. Attorney
Eastern District of Texas

110 N. College Street; Suite 700
Tyler, Texas 75702
E-mail: James.Gillingham@usdoj.gov
(903) 590-1400
(903) 590-1436 (fax)
Texas State Bar # 24065295

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to those persons on the Court's electronic filing system. Additionally, a true and correct copy of this motion was placed in the United States Mail addressed to:

Bingli Lin
100 Carrer de Mallorca St.
Barcelona 08029 Spain

Joanna Chen
100 Carrer de Mallorca St.
Barcelona 08029 Spain

Chuagui Chen
100 Carrer de Mallorca St.
Barcelona 08029 Spain

/s/ James Gillingham
JAMES GILLINGHAM